**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
────────────────────────────────

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                    **v.**         **09-CR-321A(Sr)**

**KEVIN L. DONALDSON,**

        **Defendant.**
────────────────────────────────

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara,

in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report

upon dispositive motions.  Dkt. #29.

## PRELIMINARY STATEMENT

The defendant, Kevin L. Donaldson (hereinafter "defendant" or

"Donaldson") is charged in a Second Superseding Indictment with four counts of

transportation of a minor in violation of Title 18, United States Code, Sections 2423(a)

and (e) and one count of witness tampering in violation of Title 18, United States Code,

Section 1512(b)(1).  Dkt. #33.  Presently pending before this Court are the defendant's

motion to dismiss the original Indictment (Dkt. #26) and defendant's motion to dismiss

the Second Superseding Indictment (Dkt. #38).  Also pending before this Court are the

defendant's omnibus discovery motions relating to the original Indictment (Dkt. #26) and

the Second Superseding Indictment (Dkt. #38).  What follows is this Court's Report,

Recommendation and Order with respect to defendant's motions to dismiss.  This

Court's Decision and Order with respect to defendant's omnibus motions for discovery will be filed separately.

## FACTS

**Procedural Background**

On or about June 1, 2009, the defendant was charged in a Criminal Complaint with violating Title 18, United States Code, Section 2423(a), transportation of a minor.  Dkt. #1.  More specifically, the Criminal Complaint alleged that between in or about July 2005 and in or about July 2007, the defendant knowingly transported an individual who had not attained the age of 18 in interstate and foreign commerce with the intent that the individual engage in sexual activity for which the defendant could be charged with a criminal offense.  *Id*.  Thereafter, on September 16, 2009, a Federal Grand Jury in the Western District of New York returned a one-count Indictment charging the defendant with a violation of Title 18, United States Code, Sections 2423(a) and (e).  Dkt. #7.  The one-count Indictment read as follows:

> Between in or about July of 2005, and in or about January 16, 2009, the exact dates unknown, in the Western District of New York, and elsewhere, the defendant KEVIN L. DONALDSON, did knowingly transport and attempt to transport an individual who had not attained the age of 18 years in interstate commerce, with the intent that such individual engage in sexual activity for which he could be charged with a criminal offense under the laws of the State of Minnesota, Georgia, Massachusetts, and New York, namely, a violation of Minn. Stat. § 609.343 (criminal sexual conduct in the 2nd degree); Ga. Code Ann. § 16-6-3 (statutory rape); Mass. Gen. Laws ch. 265, § 23 (rape and abuse of a child); and N.Y. Penal § 130.25(2) (rape in the 3rd degree).

*Id*.  Immediately following the defendant's arraignment on the one-Count Indictment, this Court issued a Scheduling Order.  Dkt. #8.  After some preliminary concerns with respect to the counsel assigned to represent the defendant, the Court was advised that the defendant would be proceeding to trial on state court charges and accordingly, this Court's Scheduling Order was held in abeyance until the completion of the state court trial.  In November 2009, this Court was advised that the defendant was found guilty after a trial in state court and his counsel in this matter needed time to review the trial transcript and sought additional time to prepare pre-trial motions.  After renewed concerns about representation and the issuance of several Amended Scheduling Orders, the defendant elected to proceed *pro se* on March 12, 2010.  During the period March 12, 2010 through July 2, 2010, the defendant requested several extensions of time within which to file pre-trial motions; the Court granted the defendant's requests.  On July 2, 2010, the defendant appeared before this Court and expressed his desire to have the Court once again assign counsel to represent him.  The Court once again assigned the Federal Public Defender's Office.

On October 8, 2010, counsel for the defendant filed a motion to dismiss the Indictment, as well as an Omnibus motion for discovery.  Dkt. #26.  The defendant's motion sought to dismiss the original Indictment because it was duplicitous and not charged with "sufficient factual particularity, especially with respect to the dates on which he is alleged to have transported the minor and to what states."  Dkt. #26, p.3.  Indeed, the defendant claims that the dates alleged in the original Indictment, "[b]etween in or about July of 2005, and on or about January 16, 2009," are not specific

enough to permit the defendant to prepare his defense.  *Id*. at p.4.  In support of his

motion to dismiss the original Indictment, the defendant argued,

> Mr. Donaldson is a long-distance truck driver by profession
> and travels frequently - with and without passengers - within
> the United States in a professional capacity.  The alleged
> time frame in the Indictment covers **more [sic] three and a
> half years**, a substantial time frame by any standard.  If the
> Government in unable to identify with sufficient particularity
> the dates upon which he is alleged to have transported the
> minor across state lines and to where, Mr. Donaldson will be
> fundamentally prejudiced in his efforts to defendant himself.
> Dismissal of the indictment under such  circumstances is
> warranted.

*Id*. at pp.4-5. (emphasis in original)(internal citations omitted).


     The government filed its response to the defendant's motion to dismiss

the original Indictment arguing that the Indictment tracks the statutory language

concisely stating the essential facts constituting the offense and therefore, satisfies the

pleading requirement and is not duplicitous.  Dkt. #27.  Shortly thereafter, on November

3, 2010 (one week prior to the previously scheduled oral argument on defendant's

motion to dismiss[1]), a Federal Grand Jury returned a Superseding Indictment charging

the defendant with four counts of transporting and attempting to transport a minor in

interstate commerce with the intent that such individual engage in sexual activity for

---

[1] Because a Federal Grand Jury returned a Superseding Indictment against the
defendant, the scheduled date for oral argument on defendant's pre-trial motions was
converted to an arraignment and a new Scheduling Order was put into place.  As a
result, this Court never formally ruled on defendant's first motion to dismiss (Dkt. #26).
By reason of the filing of the Superseding Indictment and later, the Second
Superseding Indictment, it is recommended that defendant's first motion to dismiss
(Dkt. #26) be denied as moot.

which the defendant could be charged with a criminal offense.  Dkt. #28.  More

specifically, the Superseding Indictment charged the crime of transporting a minor in

violation of Title 18, United States Code, Sections 2423(a) and (e) with respect to

Victim 1 for the period between on or about April 10, 2006 and on or about April 15,

2006 (Count 1) and in or about April 2007 (Count 2).  Counts 3 and 4 relate to Victim 2

and also charge the crime of transporting a minor for the period between on or about

April 12, 2004 and on or about April 14, 2004 (Count 3) and between on or about May

8, 2006 and on or about May 12, 2006 (Count 4).  *Id*.


Following his November 10, 2010 arraignment on the Superseding

Indictment, this Court entered a Scheduling Order and a Status Conference was held

on February 3, 2011.  On February 9, 2011, a Federal Grand Jury returned a Second

Superseding Indictment again charging the defendant with four counts of transportation

of a minor and the additional count of witness tampering.  Dkt. #33.  Count 5 of the

Second Superseding Indictment reads as follows:

> Between on or about December 7, 2010, and on or about
> December 23, 2010, in the Western District of New York, the
> defendant, KEVIN L. DONALDSON, did knowingly intimidate
> and corruptly persuade, and attempt to intimidate and
> corruptly persuade, a person known to the Grand Jury as
> Victim 2, and engage in misleading conduct toward Victim 2,
> with intent to influence, delay and prevent the testimony of
> Victim 2 in an official proceeding, namely, a trial and other
> proceedings before the United States District Court for the
> Western District of New York on Superseding Indictment 09-
> CR-321-A returned and pending against the defendant.

*Id*. at p.4.  The defendant was arraigned on the Second Superseding Indictment on

February 10, 2011 and the instant motion to dismiss was filed on March 30, 2011.  Dkt.

#38.  In support of the instant motion to dismiss the Second Superseding Indictment, the defendant argues that the charges must be dismissed because there is insufficient factual particularity, "especially with respect to where Mr. Donaldson is alleged to have transported these minors and what criminal offenses he could be charged with committing."  Dkt. #38, p.4.  In addition, the defendant argues, "[t]he vague allegation that he traveled 'in interstate commerce' several years ago and engaged in unspecified sexual activity with the purported victims for which he could be charged with an undisclosed criminal offense is impermissibly vague by any standards."  *Id*.  The government filed its response to the instant motion on April 8, 2011 (Dkt. #39) and oral argument was held on April 18, 2011.

## DISCUSSION AND ANALYSIS

**Sufficiency of the Second Superseding Indictment**

The defendant moves to dismiss the Second Superseding Indictment on the grounds that it is not charged with sufficient factual particularity "especially with respect to where Mr. Donaldson is alleged to have transported these minors and what criminal offenses he could be charged with committing."  Dkt. #38, p.4.  In support of his motion, the defendant argues that the offense conduct alleged in the Second Superseding Indictment is "not specific enough to permit Mr. Donaldson to prepare a defense, or to assert double jeopardy in any future prosecutions."  *Id*. (internal citations omitted).  In addition, the defendant stresses that he is a long distance truck driver by profession and travels with and without passengers within the United States in a

professional capacity. *Id*. Finally, the defendant asserts that "[t]he vague allegation that he [the defendant] traveled 'in interstate commerce' several years ago and engaged in unspecified sexual activity with the purported victims for which he could be charged with an undisclosed criminal offense is impermissibly vague by any standards." *Id*.

In its opposition to defendant's motion to dismiss, the government argues that the Second Superseding Indictment concisely states the essential facts and contains sufficient detail. Dkt. #39, pp.6-8. In support of its argument, the government recites the three elements its must prove in order to establish that the defendant violated Title 18, United States Code, Section 2423(a), that the defendant, "(1) knowingly transported a minor across state lines, (2) with the intent to engage in sexual activity with the minor, and (3) that the minor was under eighteen at the time of the offense." *Id*. at p.7. Moreover, the government relies on the well-settled law that "to comply with the pleading requirements of Fed.R.Crim.P. 7(c)(1), 'an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" *Id*.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that an "indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Thus, "[a]n indictment must sufficiently inform the defendant of the charges against him and provide enough detail so that he may

plead double jeopardy in a future prosecution based on the same set of events."

*United States v. De La Pava*, 268 F.3d 157, 162 (2d Cir. 2001).  Where an indictment

tracks the statutory language and specifies the nature of the criminal activity, it is

sufficiently specific to withstand a motion to dismiss.  *United States v. Carr*, 582 F.2d

242, 244 (2d Cir. 1978).  The Government is not required to set forth evidentiary matter

to preserve an indictment from a motion to dismiss.  *United States v. Harris,* 805 F.

Supp. 166, 172 (S.D.N.Y. 1992), *quoting, Carr*, 582 F.2d at 244.  The United States

Supreme Court has stated:

> In a number of cases the Court has emphasized two of the
> protections which an indictment is intended to guarantee,
> reflected by two of the criteria by which the sufficiency of an
> indictment is to be measured. These criteria are, first,
> whether the indictment 'contains the elements of the offense
> intended to be charged, 'and sufficiently apprises the
> defendant of what he must be prepared to meet,'' and,
> secondly, "in case any other proceedings are taken against
> him for a similar offense whether the record shows with
> accuracy to what extent he may plead a former acquittal or
> conviction.' *Cochran and Sayre v. United States*, 157 U.S.
> 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704; *Rosen v. United
> States*, 161 U.S. 29, 34, 16 S.Ct. 434, 480, 40 L.Ed. 606.'
> *Hagner v. United States*, 285 U.S. 427, 431, 52 S.Ct. 417,
> 419, 76 L.Ed. 861. *See Potter v. United States*, 155 U.S.
> 438, 445, 15 S.Ct. 144, 146, 39 L.Ed. 214; *Bartell v. United
> States*, 227 U.S. 427, 431, 33 S.Ct. 383, 384, 57 L.Ed. 583;
> *Berger v. United States*, 295 U.S. 78, 82, 55 S.Ct. 629, 630,
> 79 L.Ed. 1314; *United States v. Debrow*, 346 U.S. 374,
> 377-378, 74 S.Ct. 113, 115-116, 98 L.Ed. 92.

*Russell v. United States*, 369 U.S. 749, 763-64 (1962).

        In the case at bar, the Second Superseding Indictment states all the

elements of the crime charged by tracking the statutory language of Title 18, United

States Code, Section 2423(a) thereby fulfilling the first function of an indictment.  In addition, the Second Superseding Indictment informs the defendant of the nature of the criminal activity, the underlying facts, and therefore informs the defendant of the conduct for which he has been charged.  Finally, the Second Superseding Indictment contains the key facts necessary to allow the defendant to prepare a defense and to plead the judgment as a bar to any future prosecution.  Therefore, notwithstanding the fact that the Second Superseding Indictment does not define the criminal offense(s) for which the defendant could have been charged, as presented, the Second Superseding Indictment is legally sufficient.  Accordingly, this Court recommends that defendant's motion to dismiss the Second Superseding Indictment be denied.  Nevertheless, although this Court recommends that defendant's motion to dismiss be denied, as set forth in a separate Decision and Order, this Court finds that defendant's request for information concerning the offense(s) for which he could be charged is reasonable and has granted in part defendant's request for a bill of particulars.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and

the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
            May 17, 2011

                                        *S/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**

.