UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEVIN DONALDSON,

                Petitioner,                09-CR-321A
                                              15-CV-891A
                                       **DECISION AND ORDER**

      v.

UNITED STATES OF AMERICA,

                Respondent.

Petitioner Kevin Donaldson, who is proceeding *pro se*, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 139). Donaldson has also filed a "Petition for Leave of Court to Appeal Order of the Court and Writ of Mandamus Motion to Compell [sic] a Federal Worker" (Dkt. No. 149), and a motion for an extension of time to file an opposition to the Government's response to his § 2255 motion (Dkt. No. 158).

Donaldson's § 2255 application and supplemental memorandum (Dkt. No. 150) assert that he was denied effective assistance of counsel based on his attorney's alleged failure to assert claims under the Speedy Trial Act; the Speedy Trial Clause of the Sixth Amendment; the Fourth Amendment; and because his attorney failed to demand allegedly exculpatory evidence (Dkt. Nos. 139 at 4-12; 139-1 at 6-164; 150 at 8-76). He also requests an evidentiary hearing. *Id.*

For the reasons set forth below, each of these motions is denied.

## BACKGROUND

Following a jury trial, Donaldson was convicted of five counts of transporting a minor with the intent to engage in criminal sexual activity, in violation of 18 U.S.C. §§ 2423(a) and 2423(e); and one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(1). The trial evidence established that Donaldson, a truck driver, transported three of his minor female relatives, M.F., C.F., and L.W., with the intent to engage in criminal sexual activity during five interstate trucking trips. While Donaldson was incarcerated, he wrote several letters to L.W. urging her to support him, giving rise to the witness tampering conviction. On November 16, 2012, the Court sentenced Donaldson to 40 years' imprisonment.

Donaldson appealed to the Second Circuit on the following grounds: (1) that this Court erred in admitting evidence of prior sexual assault convictions pursuant to Federal Rules of Evidence 413 and 414;[1] (2) that the evidence was insufficient to support the convictions; and (3) that his trial attorney was constitutionally ineffective for his alleged failure to make appropriate objections at trial. The Second Circuit affirmed Donaldson's conviction, and the Supreme Court denied a petition for a writ of *certiorari*. *United States v. Donaldson*, 577 F. App'x. 63 (2d Cir. Sep. 2, 2014), *cert. denied*, 135 S.Ct. 173 (2014).

This timely § 2255 motion followed.

---

[1] Donaldson was previously tried and convicted by a jury of rape in the third degree, N.Y. Penal L. § 130.25(2), and endangering the welfare of a child, N.Y. Penal L § 260.10(1)). *People v. Donaldson*, 89 A.D.3d 1472 (4th Dept. 2011), *lv. denied*, 19 N.Y.3d 972 (2012).

## DISCUSSION

### A. Section 2255

A prisoner in federal custody may move to vacate, set aside, or correct his sentence only where "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To prevail under § 2255, a defendant must demonstrate either the existence of a "constitutional error . . . or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted). Additionally, "[i]t is well settled law that § 2255 cannot . . . be employed to relitigate questions which were raised and considered on the appeal." *Castellana v. United States*, 378 F.2d 231, 233 (2d Cir. 1967) (citations omitted).

Donaldson is proceeding *pro se*. The Court must therefore construe his pleadings liberally and in a way that raises the strongest arguments the pleadings suggest. *See, e.g.*, *Rotblut v. Ben Hur Moving & Storage, Inc.*, 585 F.Supp.2d 557, 559 (S.D.N.Y. 2008). To the extent possible, the Court assesses Donaldson's motion in this context.[2]

### B. Donaldson's § 2255 motion

Donaldson's § 2255 motion asserts three broad claims attacking the constitutional effectiveness of his trial attorney. Specifically, Donaldson appears to allege that his trial counsel was ineffective because: (1) counsel failed to assert pre-indictment and post-

---

[2] Donaldson has submitted over 300 pages of briefing in support of his § 2255 motion, most of which is disjointed and duplicative. The Court has made its best effort to distill Donaldson's arguments and construe them broadly.

indictment statutory and constitutional rights to a speedy trial; (2) counsel failed to assert Fourth and Sixth Amendment claims based on the manner in which the Government used Donaldson's victims to investigate and prosecute the case against him; and (3) counsel failed to demand that the Government disclose exculpatory evidence. (Dkt. No. 139 at 4-10, *et seq.*)

To prevail on an ineffective assistance of counsel claim, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687–88, 691–93 (1984), demonstrating that: (1) counsel's performance was objectively deficient, and (2) the defendant was actually prejudiced as a result. *See also Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011). It is well-settled that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *DeLuca v. Lord*, 77 F.3d 578, 588 (2d Cir. 1996) (quoting *Strickland*, 466 U.S. at 690). It is equally well-settled that the "[f]ailure to make a meritless argument does not amount to ineffective assistance." *United States v. Regalado*, 518 F.3d 143, 149 n. 3 (2d Cir. 2008) (alteration in original) (quoting *Unites States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999), *abrogated in part on other grounds by Scheidler v. Nat'l Org. for Women, Inc.,* 537 U.S. 393, 404 n. 8 (2003)). Finally, the Second Circuit normally "requires some objective evidence other than defendant's assertions to establish prejudice." *Pham v. United States*, 317 F.3d 182, 182 (2d Cir. 2003).

As discussed below, Donaldson cannot establish that his trial attorney's performance was deficient such that it fell "'below an objective standard of reasonableness,' as determined by reference to 'prevailing professional norms.'" *Morales v. United States*, 635 F.3d 39, 43 (2d Cir. 2011) (quoting *Strickland*, 466 U.S. at 688). Nor

4

can he show that there was "a reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (quoting *Strickland*, 466 U.S. at 694).[3]

### 1. Donaldson's claims of delay

Donaldson first asserts that the Government planned a pre-indictment delay "so that the United States would have evidence for their case," and used said delay as a "tactical advantage [ ] to convict the Petitioner [ ] of charges that it could not convict him of unless the State of New York [p]rosecuted him first." (Dkt. No. 139-1 at 6-7). He faults his attorney for failing to object to the delay on speedy trial grounds. *Id.*

"The Speedy Trial Act requires the filing of an indictment or information within thirty days of a defendant's arrest or service of summons." *United States v. Arellano-Rivera*, 244 F.3d 1119, 1122 (9th Cir. 2001) (citing 18 U.S.C. § 3161(b)). However, the Speedy Trial Act also contains a number of reasons why time between those events may be excluded. The Speedy Trial Act is violated only if the non-excluded time between arrest and indictment exceeds thirty days. *See* 18 U.S.C. § 3161(h). One reason for exclusion of time is that the "ends of justice" served by excluding time exceed the interest of the defendant and the public in having a speedy trial. 18 U.S.C. § 3161(h)(7)(A). As long as the court's reasons for granting the delay are stated on the record, are reasonable pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(i)-(iv), and are not due to the mere congestion of the court calendar, 18 U.S.C. § 3161(h)(7)(C), then that time is not counted towards the speedy trial clock.

---

[3] Because the Court finds that each of Donaldson's claims is meritless, the Court does not address whether Donaldson has procedurally defaulted on the claims he raises in his § 2255 motion.

5

On June 1, 2009, Donaldson was charged by criminal complaint, made his initial appearance before Magistrate Judge H. Kenneth Schroeder, Jr., and was assigned counsel. (Dkt. Nos. 1-4). The Government moved for detention, Donaldson waived a detention hearing, and Judge Schroeder set June 17, 2009 as the date for counsel to report whether Donaldson would demand or waive a preliminary hearing. Judge Schroeder also excluded time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). (Dkt. Nos. 2, 5). At his June 17, 2009, appearance, Donaldson waived a preliminary hearing, and Judge Schroeder set September 18, 2009 as the date by which the matter should be indicted or the complaint dismissed without prejudice pursuant to Federal Rule of Criminal Procdure 48(a). (Minute Entry dated 06/17/2009). Donaldson was indicted on September 16, 2009. (Dkt. No. 7).

The time that elapsed between the filing of the criminal complaint and the return of the Indictment totaled 107 days. During that time, Magistrate Judge Schroeder made on the-record findings that the requested continuances served the ends of justice pursuant to 18 U.S.C. § 3161(h)(7), and the time between June 1, 2009 and September 18, 2009 was excluded. (Dkt. Nos. 2, 5, 6, 7, 10, 11). Meanwhile, Donaldson's state court trial, which involved similar charges, was scheduled for a jury trial on November 17, 2009, after which he was found guilty. The judgment of conviction was rendered March 1, 2010.[4]

Donaldson's claim of pre-indictment delay is belied by the record. First, the indictment was secured within the time frame set by Judge Schroeder, and it was

---

[4] To the extent Donaldson claims that his state and federal convictions violate the Double Jeopardy Clause, the dual-sovereignty exception precludes such a claim. *See, e.g.*, *United States v. Giovanelli*, 945 F.2d 479, 491 (2d Cir. 1991). Moreover, Donaldson has not shown that there is "persuasive evidence that the state acted as a tool of the federal government," such that he would nonetheless be entitled to the protection of the Double Jeopardy Clause. *United States v. Peterson*, 100 F.3d 7, 12 (2d Cir. 1996) (quotation marks omitted).

6

therefore filed within the excluded time period. Second, the initial indictment was returned prior to the commencement of Donaldson's state court trial (Dkt. No. 7), thus defeating any inference that the Government orchestrated a tactical delay to gain an advantage from Donaldson's state proceedings. Finally, Judge Schroeder issued an order on October 19, 2009, holding a previous scheduling order in abeyance pending the outcome of the state trial upon *Donaldson's request* for additional time to file motions (to which the Government objected). (Dkt. No. 10). There was therefore no basis upon which counsel could have or should have asserted a Speedy Trial Act claim, and it is well-settled that counsel has no obligation to raise a meritless argument. *See Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001).

Donaldson also appears to take issue with Judge Schroeder's treatment of the October 19, 2009 continuance following his indictment. (Dkt. No. 139-1 at 6-24). Specifically, he claims that the Court "covered up the [Speedy Trial Violation], by changing the record, making a recording after the time for the hearing had expired." *Id.* at 13.

Presumably Donaldson is referring to the requirement that exclusions under § 3161(h)(8) be made prospectively. However, his concern that the requirement was not followed is unwarranted. The Second Circuit held in *United States v. Kelly*, 45 F.3d 45, 47 (2d Cir. 1995) that the district court's retrospective exclusion of time under § 3161(h)(8) could not retroactively toll the speedy trial clock and legitimize the date of the defendant's trial. 45 F.3d at 47. *Kelly* reiterated the Second Circuit's holdings that an ends-of-justice exclusion must be made contemporaneously with the continuance, and cautioned that *nunc pro tunc* exclusions are ineffective to toll the clock. *Id.*

7

The sort of *post hoc* exclusions that the Second Circuit proscribed in *Kelly* are not implicated in this case. For each "ends of justice" exclusion under the Speedy Trial Act, the docket indicates that certain written speedy trial orders may have been entered on dates subsequent to the appearances at which the exclusions were ordered, but contemporaneous minute entries are noted on the docket for each of Judge Schroeder's oral exclusion findings. (Dkt. Nos. 5, 6, 10, 11). Thus, each exclusion of time was granted prospectively and with a clear explanation at the time of the continuance. Thus, no basis exists to find that the exclusions in this case were defective. As a result, Donaldson's Speedy Trial Act claim has no merit and counsel therefore cannot be faulted for failing to raise it. *See Aparicio*, 269 F.3d 78 at 99 (*Strickland* does not require counsel to advance "meritless" claims). In sum, Donaldson's ineffective assistance claims based on counsel's failure to object to alleged Speedy Trial Act violations do not set forth a basis to vacate his conviction under § 2255.[5]

Finally, to the extent Donaldson makes a speedy trial claim under the Sixth Amendment, that claim is without merit. A Sixth Amendment speedy trial claim considers four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). As an initial matter, the record does not indicate, nor does Donaldson argue, that he ever

---

[5] To the extent Donaldson makes claims of unconstitutional pre-indictment delay, those claims are without merit. To seek dismissal of an otherwise timely criminal case, a defendant must meet the "heavy burden of proving both that he suffered actual prejudice because of the alleged pre-indictment delay *and* that such delay was a course intentionally pursued by the government for an improper purpose." *United States v. Cornielle*, 171 F.3d 748, 752 (2d Cir. 1999) (quotation marks omitted; emphasis in original). Donaldson argues repeatedly that the Government tried this case after his state court case to obtain a tactical advantage. But even if that is true (and the Court does not suggest that it is), and assuming that there was any constitutionally significant delay, Donaldson identifies no way in which he was prejudiced.

requested a speedy trial during the pendency of this case. In any event, this case was ready for trial just over two years after Donaldson was arrested. Although this is a lengthy period of time, the reason for the delay appears to largely be the result of normal pre-trial proceedings—in other words, this case was "prosecuted . . . with customary promptness," and as a result, Donaldson "cannot complain that the government has denied him a 'speedy' trial." *Doggett v. United States*, 505 U.S. 647, 652 (1992). The original trial date was delayed approximately one year, however, after Donaldson advised the Court of differences with his attorney. The Court then assigned new counsel, who required time to familiarize himself with this case. *Cf. Davis v. Kelly*, 316 F.3d 125, 127 (2d Cir. 2003) (on AEDPA review, finding that state court's decision on speedy trial issue was not unreasonable where state court denied speedy trial motion because "the delay . . . was occasioned by the repeated replacements of the defendant's attorney at his request"). Any constitutional speedy trial claim Donaldson raises is, therefore, without merit.

### 2. Donaldson's "Fourth Amendment" claim

Donaldson next avers that his attorney was constitutionally ineffective for failing to challenge the Government's alleged use of "evidence that was obtained [ ] using agents of the government in violation of the Fourth Amendment . . . ." (Dkt. No. 19-39-1 at 48 *et seq.*) In particular, Donaldson claims that was "entrapped" when victim M.F. and a Salamanca Police Officer "conspired to make a phone call together," in order to "trick the Petitioner into speaking about the facts of the crime." *Id.* at 51- 53.[6] He also makes a

---

[6] In January, 2009, M.F. was interviewed at the Child Advocacy Center in Olean, New York, where she provided details about the crimes against her. Following that appointment, M.F. went to the Salamanca Police Department and made a recorded phone call to Donaldson, during which they discussed their most recent sexual contact.

general challenge to the credibility of his minor relatives M.F., C.F., and L.W., all of whom testified at Donaldson's trial. (Dkt. No. 139-1 at 48-146).[7]

As an initial matter, Donaldson unsuccessfully attacked the credibility of his victims at trial, and he likewise challenged their credibility through a sufficiency-of-the-evidence claim on direct appeal. The jury rejected Donaldson's arguments, as did the Second Circuit:

> On appeal, Donaldson attacks the credibility of the three victim-witnesses and argues that letters he sent to one of the victims were not intended to influence her testimony. We must assume that the jury resolved all questions of witness credibility and competing inferences in favor of the prosecution . . . .
>
> The three victims' testimony that Donaldson regularly sexually assaulted them on various interstate trucking trips easily supported a finding that he engaged in the charged transportations with the same culpable intent. The fact that he also had a business purpose in making the trips did not preclude a finding of criminal intent to sexually assault his minor passengers . . . .
>
> Further, once the victims' credibility is assumed, Donaldson's letters urging one of his victims to help exculpate him can only be understood to have been an attempt improperly to influence her to testify falsely . . . . Accordingly, Donaldson's sufficiency challenge fails on the merits.

*Donaldson*, 577 F. Appx. 63 at 66 (citations omitted).

The Second Circuit has, therefore, considered and rejected Donaldson's credibility attack. As a result, Donaldson cannot show that his attorney was deficient for failing to

---

[7] Although Donaldson styles this as a Fourth Amendment claim, there is no apparent basis for a colorable Fourth Amendment claim on the facts set forth in Donaldson's § 2255 motion. To the extent Donaldson makes a Sixth Amendment right-to-counsel claim, he points to nothing suggesting that his Sixth Amendment right to counsel had attached at the time at issue, nor does he suggest that the statements at issue were obtained with the purpose of "circumvent[ing] the Sixth Amendment right to counsel." *Illinois v. Perkins*, 496 U.S. 292, 299 (1990).

10

raise an argument that was ultimately unsuccessful on appeal. It is for the same reason he cannot establish the prejudice prong of *Strickland*. To the extent Donaldson seeks to revisit the stand-alone sufficiency question that was raised and rejected on appeal, he is unable to do so here. *See United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001) ("It is well established that a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'") (quoting *Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir.1992)).

Finally, Donaldson misapprehends the elements of a valid entrapment defense, which are: "government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in criminal conduct." *United States v. Cromitie*, 727 F.3d 194, 204 (2d Cir. 2013) (quoting *Mathews v. United States*, 485 U.S. 58, 63 (1988)). In light of the proof at trial, it is unclear how defense counsel would have set forth a defense in which an officer induced Donaldson to commit a crime that had already occurred, and where the facts unambiguously established that Donaldson had a predisposition to commit the offense. No view of the testimony could support such a defense.

Because Donaldson has not properly alleged that he was induced to commit the crime with which he was charged and convicted, and because he could not successfully establish that he lacked predisposition to carry out the same, his entrapment claim is unsubstantiated. Accordingly, there is no evidence that his counsel unreasonably failed to raise an entrapment defense or that his case would have reached a different conclusion if such a defense had been raised.

Donaldson's ineffective assistance of counsel claim on this ground must fail.

### 3. Exculpatory Evidence

Donaldson concludes his § 2255 motion by alleging that his counsel was ineffective for failing to demand exculpatory evidence in the form of GPS records allegedly possessed by his employer, trucking company TJ Marquart. (Dkt. No. 139-1 at 148-155, *et seq.*). Donaldson claims that this "alibi type" evidence would have shown "if the truck actually stopped, and if so but [sic] for how long." *Id.* at 156-57.

Here, Donaldson can only speculate that such GPS records existed and contained any exculpatory material. Although he suggests that he could have attacked the lack of precision with which the victims testified regarding particular places and times, he provides no specifics himself. Moreover, none of the victims testified to a being in specific geographic location or to any temporal context—they only testified to being sexually assaulted on multiple occasions during interstate trucking trips to New Jersey and North Carolina. He alleges no facts, much less present any evidence, as to how any GPS data or recording, assuming it existed, would change the outcome of his case. *See Mallet v. Miller*, 432 F.Supp.2d 366, 388 (S.D.N.Y. 2006) ("A claim of ineffective assistance cannot be supported by conclusory assertions alone. It is too easy for a defendant to claim after the fact, without supporting evidence, that he provided leads and information to his counsel that would have resulted in his exoneration if used."). Accordingly, Donaldson cannot show any prejudice and his ineffectiveness claim on this ground is rejected.

For all of the reasons stated above, Donaldson's requested relief under 28 U.S.C. § 2255 is unavailable and his motion to vacate is denied.

C.     **Remaining Requests**

Donaldson's "Petition for Leave of Court to Appeal Order of the Court and Writ of Mandamus Motion to Compell [sic] a Federal Worker" (Dkt. No. 149), which seeks the re-mailing of certain docket items, is denied as moot because he has already received the requested documents.[8] Likewise, his Motion to Extend Time to file an opposition to the Government's response to the § 2255 application (Dkt. No. 158), is also denied as moot because he has already been granted all of his requested enlargements of time (Dkt. Nos. 159, 161, 166), and his opposition papers were submitted on February 27, 2017 (Dkt. No. 167).

With regard to his request for an evidentiary hearing, Donaldson must "set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the petitioner] to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013) (citations omitted). To warrant a hearing on an ineffective assistance of counsel claim, "the defendant need establish only that he has a plausible claim of ineffective assistance of counsel." *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (internal quotation marks omitted). For the reasons stated above, Donaldson has failed to meet his burden in this regard. His request for an evidentiary hearing is therefore denied.

---

[8] The docket indicates that Donaldson's address was updated on December 10, 2015 pursuant to his correspondence dated December 7, 2015. All items that had been previously returned as undeliverable were re-mailed. (Dkt. No. 148). Although all subsequent orders and briefs sent to his (still current) address at USP Tucson were not returned as undeliverable (Dkt. Nos. 148, 152, 156, 159), the Clerk's Office nonetheless obliged his request for re-mailing of certain documents on September 6, 2016.

**CONCLUSION**

For the reasons stated above, Donaldson's § 2255 motion (Docket No. 139) is denied. Further, pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Donaldson has not made a substantial showing of the denial of a constitutional right. In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Donaldson is nonetheless advised that, should he decide to appeal this Decision and Order, "Federal Rule of Appellate Procedure 4(a) governs the time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue a certificate of appealability. Section 2255 Rule 11(b).

Finally, Donaldson's motion for a writ of mandamus (Docket No. 149), and his motion for an extension of time (Docket No. 150) are both denied.

The Clerk of the Court shall take all steps necessary to close the parallel civil action, 15-CV-0891-A.

**SO ORDERED.**

Dated: February 5, 2018            *s/Richard J. Arcara*
   Buffalo, New York           HONORABLE RICHARD J. ARCARA
                                                  UNITED STATES DISTRICT JUDGE