UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

KEVIN DONALDSON,

                    Petitioner,                    09-CR-321A
                                                      15-CV-891A
                                              **DECISION AND ORDER**

      v.

UNITED STATES OF AMERICA,

                    Respondent.

═══════════════════════════════════

Petitioner Kevin Donaldson moves for reconsideration from this Court's February 5, 2018 Decision and Order (Docket No. 170), which denied his motion for relief pursuant to 28 U.S.C. § 2255, and which also denied a certificate of appealability.

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016). Reconsideration will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The primary reasons why reconsideration may be appropriate are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Donaldson identifies several arguments that, he claims, the Court did not address in its Decision and Order denying his § 2255 motion.[1] *See* Docket No. 170 at 23-27. Donaldson, however, has not identified an issue that the Court failed to address. To the contrary, the Court addressed Donaldson's Sixth Amendment right to counsel claims,[2] and it also addressed his entrapment claims.[3] Finally, Donaldson's argument that the Court overlooked his claim that the "Federal Government did not have Jurisdiction To Indict," Docket No. 170 at 25, does not provide the Court with any ready way of identifying where in Donaldson's 300 pages of briefing the Court should look to find this allegedly un-addressed claim.

The remainder of Donaldson's motion for reconsideration simply argues that the Court's Decision and Order was wrong. That may or may not be correct, but "[a] motion for reconsideration is not . . . a second bite at the apple for a party dissatisfied with a court's ruling." *Benjamin v. Goord*, No. 02 Civ. 1703 (NRB), 2010 WL 3341639, at *1 (S.D.N.Y. Aug. 18, 2010) (quotation marks omitted). And while Donaldson obviously and understandably feels that the Court's decision is incorrect, the decision did not work a "manifest injustice." *Virgin Atlantic Airways*, 956 F.2d at 1255.

Donaldson also seeks relief based on Federal Rule of Civil Procedure 60(b). A Rule 60(b) motion that seeks to vacate an earlier § 2255 order should "'be treated as any other motion under Rule 60(b) . . .' for purposes of [the Antiterrorism and Effective Death Penalty Act], provided that the motion 'relates to the integrity of the federal habeas

---

[1] As the Court noted in its Decision and Order, Donaldson submitted over 300 pages of briefing in support of his § 2255 motion, much of which was "disjointed and duplicative." Docket No. 169 at 3 n.3. From that briefing, the Court identified and resolved as many legal issues as were reasonably apparent.

[2] *See* Docket No. 169 at 10 n. 14.
[3] *See* Docket No. 169 at 11.

proceedings, not to the integrity of the . . . criminal trial.'" *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004) (quoting *Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001)) (emphasis in original). If, however, a Rule 60(b) motion "attacks the underlying conviction," the district court has "two procedural options: (1) the court may treat the Rule 60(b) motion as a 'second or successive' habeas petition, in which case it should be transferred to [the Second Circuit]; or (ii) the court may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." *Id.* at 82 (quotation marks omitted).

Donaldson frames his Rule 60(b) motion as one attacking the "integrity of the federal habeas proceedings," by arguing that the Court overlooked a number of claims in its Decision and Order denying his § 2255 motion. In substance, however, Donaldson's Rule 60(b) motion attacks "the integrity of the . . . criminal trial." *Harris*, 367 F.3d at 80. Donaldson's Rule 60(b) motion is, therefore "beyond the scope of Rule 60(b)." *Id.* at 82.

Finally, Donaldson seeks a certificate of appealability. However, Donaldson has not convinced the Court that it erred when it previously declined to issue a certificate of appealability. Donaldson may move in the Second Circuit for a certificate of appealability.

## CONCLUSION

For the reasons stated above, Donaldson's motion for reconsideration (Docket No. 170) and his motion for a certificate of appealability (Docket No. 172) are both denied.

**SO ORDERED.**

Dated: April 27, 2018          _s/Richard J. Arcara_____
    Buffalo, New York          HONORABLE RICHARD J. ARCARA
                                      UNITED STATES DISTRICT JUDGE